DEAN AMES & ux. *versus* CLARK SMITH.

By the Act of 1861, c. 63, § 6, no disabilities were to be created by reason of aid furnished and received by the families of volunteers enlisted in the army of the United States.

To subject the wife of a volunteer to removal to the place of her legal settlement under the provisions of c. 22 of R. S., when she had received aid from the town in which she and her husband resided at the time of his enlistment, would constitute a disability on their part of determining their place of residence and of remaining therein.

The forcible removal of the wife and family of such volunteer to the town of their legal settlement by the overseers of the poor of such town, would be an unauthorized act, for which they would be answerable in damages.

EXCEPTIONS from the ruling, at *Nisi Prius*, of KENT, J. This was an action of TRESPASS for an assault on the female plaintiff.

It was admitted that plaintiff enlisted as a volunteer into the service of the United States on April 30, 1861, and remained in it until his discharge on December 12th, 1862.

It was admitted that defendant was an overseer of the poor of the town of Cornville; that he was authorized, in writing, by the other overseers of the poor of that town, to go and remove plaintiff's wife and family to Cornville.

That the legal settlement of plaintiffs, if they were paupers, was in Cornville; that the overseers of the poor of Medford legally notified Cornville that plaintiff's wife and family were paupers and in distress, and in need of aid, and aid had been furnished, requesting them to remove plaintiff's wife and family, and pay the bills.

There was evidence tending to show that the town of Medford furnished aid to the female plaintiff and her children to the time of their removal to Cornville; *that* the husband sent small amounts of money several times to his wife; that the wife did not suppose she was receiving aid as a pauper; that she refused to be removed to Cornville when defendant came to remove her and her children, but was forcibly taken to that place.

The presiding Judge, that the case might be presented for the determination of the full Court, directed a nonsuit, and the plaintiff excepted.

*Everett*, in support of the exceptions.

*Stewart & Flint, contra.*

The opinion of the Court was drawn up by

APPLETON, C. J.—Dean Ames enlisted in the volunteer army of the United States, on April 30, 1861, and after the Act of that year, c. 63, had gone into effect. While in the service, his family standing in need of assistance, his wife applied to the municipal officers of Medford for relief, which they duly furnished and gave notice thereof to the overseers of the poor of the town of Cornville, where said Ames had his settlement. Upon receiving notice, the defendant, one of the overseers of the poor of Cornville, came to Medford and forcibly removed therefrom the female plaintiff, claiming the right to do so under the R. S., 1857, c. 22.

The right of removing the plaintiff or his family from a residence which they had chosen, and in which they were established, would imply a corresponding duty on their part to submit to such removal. This would constitute a

disability on their part of determining their place of residence, and of remaining therein. But, by the Act of 1861, c. 63, § 6, no disabilities were to be created by reason of aid furnished and received by volunteers enlisted under that Act. *Veazie* v. *China*, 50 Maine, 518; *Milford* v. *Orono*, 50 Maine, 529.                *Exceptions sustained.*

    *Nonsuit set aside and the case to stand for trial.*

CUTTING, WALTON and DANFORTH, JJ., concurred.
BARROWS, J., concurred in the result.